IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXIM & MFR ENTERPRISE,<br><br>Plaintiff,<br><br>- against -<br><br>SPARTRONICS VIETNAM, INC.,<br><br>Defendant. | Civil Action No.   4:23-CV-660<br><br>**COMPLAINT** |

Plaintiff EXIM & Mfr Enterprise ("**Plaintiff**"), by and through their undersigned attorney, file this Complaint against Defendant Spartronics Vietnam, Inc. ("**Defendant**") as follows:

### I.  PARTIES

1. Plaintiff is a Singapore company located at 30 Kallang Pudding Road #06-07, Valiant Industrial Building, Singapore 349312.

2. Defendant is a limited company organized under the laws of the State of Michigan with a principal place of business at 2333 Reach Road, Williamsport, Pennsylvania 17701.

### II.  JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court because Defendant's principal place of business is in this district, and because the injuries and damages alleged herein arise directly out of and are related to Defendants' contacts and activities in this district.

## III.  FACTUAL BACKGROUND

5. Plaintiff is a global market leader in inventory management of mechanical and electro-mechanical components with over forty (40) years of experience in providing the best quality products and services through its knowledge and network of global suppliers to customers in various industries.

6. Upon information and belief, Defendant provides electronics contract manufacturing services and assembly across vertical markets, including commercial aerospace, defense, space, instrumentation and control, life sciences and medical devices.

7. Since 2019, Plaintiff has been supplying products to Defendant for use in Defendant's business.

8. As more fully described below, in or about May 21, 2021, Defendant began submitting seven purchase orders to Plaintiff for customized products.

9. The products Defendant requested Plaintiff to supply were highly customized to Defendant's specifications.

10. Defendant was fully aware of the customized nature of the products at the time Defendant requested Plaintiff supply the products.

**A.     Purchase Order No. 1**

11. Specifically, on or about May 21, 2021, Defendant submitted to Plaintiff Purchase Order No. 41025665-1 ("**PO-1**") for certain customized products. A true and correct copy of PO-1 is attached hereto as **Exhibit A**.

12. On or about June 2, 2021, Plaintiff applied its stamp to PO-1 and returned it to Defendant. Plaintiff's stamp states, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit A.

13. Section 3.5 of Plaintiff's terms and conditions specifically state, "[n]o order which has been accepted by the Seller may be cancelled by the Buyer except with the Seller's consent in writing and on terms that the Buyer shall indemnify the Seller in full against all loss (including loss of profit), costs (including costs of all labour and material used), damages, charges and expenses incurred by the Seller as a result of the cancellation."

14. Section 6.9 of Plaintiff's terms and conditions also provide, "[i]f the Buyer fails to take delivery of the Goods or fails to give the Seller adequate delivery instructions at the time stated for delivery (otherwise than by reason of any cause beyond the Buyer's reasonable control or by reason of the Seller's fault) then, without prejudice to any other right or remedy available to the Seller, the Seller may: (i) store the Goods until actual delivery and charge the Buyer for the reasonable costs (including insurance) of storage; or (ii) sell the Goods at the best price readily obtainable (if any) and (after deducting all reasonable storage, insurance and selling charges) charge the Buyer for any shortfall below the price under the Contract."

15. Section 27.1 of Plaintiff's terms and conditions further state, "[t]he Contract shall in all respects be governed by and interpreted in accordance with Singapore law, and the Buyer agrees, at the Seller's option, to submit to the non-exclusive jurisdiction of the Singapore Courts. This shall not limit the Seller's right to commence legal proceedings against the Buyer in any other jurisdiction."

16. After receiving PO-1, Plaintiff immediately placed orders with its global suppliers for the products listed in PO-1 on behalf of Defendant.

17. On or about September 17, 2021, October 1, 2021, October 7, 2021, October 15, 2021, October 22, 2021, November 19, 2021, November 26, 2021, December 17, 2021, January 14, 2022, January 28, 2022, February 24, 2022, March 30, 2022, April 27, 2022, June 16, 2022,

August 12, 2022, September 14, 2022 and October 19, 2022, Plaintiff shipped certain products pursuant to PO-1 to Defendant, along with corresponding invoices ("**PO-1 Invoices**") for those products.

18. Plaintiff included language in the PO-1 Invoices stating "[o]ur 'Terms and Conditions of Sales' apply. A copy of it can be found in our website …[.]" True and correct copies of PO-1 Invoices are attached hereto as **Exhibit B**.

**B.** **Purchase Order No. 2**

19. On or about September 28, 2021, Defendant submitted to Plaintiff Purchase Order No. 41027804-1 ("**PO-2**") for certain products. A true and correct copy of PO-2 is attached hereto as **Exhibit C**.

20. Plaintiff applied its stamp to PO-2 and returned it to Defendant. Plaintiff's stamp states, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit C.

21. Upon receiving PO-2, Plaintiff immediately placed orders with its global suppliers for the products listed in PO-2 on behalf of Defendant.

22. On or about June 16, 2022, August 12, 2022, September 14, 2022 and October 19, 2022, Plaintiff shipped certain products pursuant to PO-2 to Defendant, along with corresponding invoices ("**PO-2 Invoices**") for those products.

23. Plaintiff included language in the PO-2 Invoices stating, "[o]ur 'Terms and Conditions of Sales' apply. A copy of it can be found in our website …[.]" A true and correct copy of PO-2 Invoices are attached hereto as **Exhibit D**.

**C.    Purchase Order No. 3**

24.    On or about October 21, 2021, Defendant submitted to Plaintiff Purchase Order No. 41028396-1 ("**PO-3**"). A true and correct copy of PO-3 is attached hereto as **Exhibit E**.

25.    On or about October 21, 2021, Plaintiff applied its stamp to PO-3 and returned it to Defendant. Plaintiff's executed stamp states that, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit E.

**D.    Purchase Order No. 4**

26.    On or about November 15, 2021, Defendant submitted to Plaintiff Purchase Order No. 41029007-1 ("**PO-4**"). A true and correct copy of PO-4 is attached hereto as **Exhibit F**.

27.    On or about November 15, 2021, Plaintiff applied its stamp to PO-4 and returned it to Defendant. Plaintiff's executed stamp states that, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit F.

28.    On or about November 26, 2021, March 11, 2022, April 27, 2022, September 14, 2022 and October 19, 2022, Plaintiff shipped certain products pursuant to PO-4 to Defendant, along with corresponding invoices ("**PO-4 Invoices**") for those products.

29.    Plaintiff included language in the PO-4 Invoices stating "[o]ur 'Terms and Conditions of Sales' apply. A copy of it can be found in our website ...[.]" A true and correct copy of PO-4 Invoices are attached hereto as **Exhibit G**.

**E.    Purchase Order No. 5**

30.    On or about November 20, 2021, Defendant submitted to Plaintiff Purchase Order No. 41029228-1 ("**PO-5**"). A true and correct copy of PO-5 is attached hereto as **Exhibit H**.

31. On or about December 1, 2021, Plaintiff applied its stamp to PO-5 and returned it to Defendant. Plaintiff's executed stamp states that, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit H.

32. On or about December 31, 2021, January 25, 2022 and February 11, 2022, Plaintiff shipped certain products pursuant to PO-5 to Defendant, along with corresponding invoices ("**PO-5 Invoices**") for those products.

33. Plaintiff included language in the PO-5 Invoices, stating "[o]ur 'Terms and Conditions of Sales' apply. A copy of it can be found in our website ...[.]" A true and correct copy of PO-5 Invoices are attached hereto as **Exhibit I**.

F. <u>Purchase Order No. 6</u>

34. On or about November 20, 2021, Defendant submitted to Plaintiff Purchase Order No. 41029232-1 ("**PO-6**"). A true and correct copy of PO-6 is attached hereto as **Exhibit J**.

35. On or about November 20, 2021, Plaintiff applied its stamp to PO-6 and returned it to Defendant. Plaintiff's executed stamp states that, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit J.

36. On or about February 11, 2022 and April 7, 2022, Plaintiff shipped certain products pursuant to PO-6 to Defendant, along with corresponding invoices ("**PO-6 Invoices**") for those products.

37. Plaintiff included language in the PO-6 Invoices, stating "[o]ur 'Terms and Conditions of Sales' apply. A copy of it can be found in our website ...[.]" A true and correct copy of PO-6 Invoices are attached hereto as **Exhibit K**.

### G.  Purchase Order No. 7

38. On June 10, 2022, Defendant submitted Purchase Order No. 410323111 ("**PO-7**") to Plaintiff. A true and correct copy of PO-7 is attached hereto as **Exhibit L**.

39. On or about August 16, 2022, Plaintiff applied its stamp to PO-7 and returned it to Defendant. Plaintiff's executed stamp states that, "[y]our order has been accepted under the Terms and Conditions of Sales as stated on our website: [Plaintiff's website address]." *See* Exhibit L.

### H.  Purchase Order Total

40. In total, Defendant purchased $1,555,245.65 in product from Plaintiff pursuant to the Purchase Orders.

41. Plaintiff shipped and invoiced $535,864.19 from the amount due on the Purchase Orders.

42. Plaintiff is holding $1,019,381.46 in product pursuant to the Purchase Orders.

### I.  Defendant Fails To Fulfill Their Obligation To Accept And Pay For Products Pursuant To The Seven Purchase Orders.

43. On or about September 27, 2022—seventeen months after Defendant first submitted PO-1 and long after Plaintiff ordered and paid for the products from their supplier—Defendant improperly attempted to cancel the Purchase Orders.

44. Defendant stated that the reason was because their customer had an unexpected reduction in demand.

45. Defendant, however, did not have authority under the agreement between the parties to cancel the Purchase Orders.

46. This was the first time in the history of the relationship between Plaintiff and Defendant that Defendant attempted to cancel an order.

47. As a result, Plaintiff responded to Defendant stating that Plaintiff is unable to accept the cancellation or postponement of the Purchase Orders because Plaintiff had already placed orders to its suppliers for customized goods, paid upfront for all such orders, and is now holding stock for them. As a result, Plaintiff requested that Defendant agree that it will take delivery of the goods and make full payment.

48. Defendant never provided the requested assurances of performance, never accepted delivery of the products and never paid for the remaining items in the Purchase Orders.

49. Due to the highly customized nature of the products Defendants ordered in the Purchase Orders, Plaintiff cannot resell them to any customer.

50. In addition, the supplier Plaintiff obtained the products from refuses to accept any of the products for return.

51. As a result, Defendant breached its agreement with Plaintiff relating to the Purchase Orders and, as a result, the Court should order it to pay for the products that Defendant knew and understood were ordered on a non-cancellable, nonreturnable basis.

## IV.   CLAIMS

### A.   COUNT I: Breach of Contract

52. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein.

53. Plaintiff and Defendant are parties to the Purchase Orders, which are valid and enforceable contracts.

54. Pursuant to the parties' agreement, the products in the Purchase Orders were non-cancellable and non-returnable.

55. Plaintiff properly performed all of its obligations under the parties' agreement and has at all times been ready, willing and able to deliver the products in the Purchase Orders to Defendant.

56. Defendant breached the parties' agreement by failing to take and pay for the products pursuant to the Purchase Orders that Defendant knew and understood were ordered on a non-cancellable, non-returnable basis.

57. Plaintiff never agreed to any cancellation of the Purchase Orders.

58. Defendant has failed and refused to pay any storage fees for the products in the Purchase Orders.

59. As a direct and proximate result of Defendants' breach, Plaintiff is entitled to damages for breach of contract in the amount of the unpaid invoices for the Purchase Orders totaling $1,019,381.46, along with reasonable storage fees, attorneys' fees and costs.

**B.     COUNT II: Promissory Estoppel (In The Alternative)**

60. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein.

61. To the extent the Court finds or Defendant argues that the parties did not enter into an agreement, Plaintiff asserts this claim.

62. Defendant submitted the Purchase Orders to Plaintiff in which Defendant promised to pay Plaintiff for the goods listed in the Purchase Orders if Plaintiff supplied such goods.

63. Defendant reasonably expected sending the Purchase Orders to Plaintiff would induce action by Plaintiff because Defendant previously sent purchase orders to Plaintiff and Plaintiff provided Defendant with the goods in those orders.

64. Plaintiff was induced into action after receiving the Purchase Orders from Defendant because Plaintiff ordered the products Defendant's requested from Plaintiff's suppliers and paid for such products.

65. The Court should enforce Defendant's promise to pay Plaintiff for the products in the Purchase Orders to prevent injustice to Plaintiff.

66. As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages in the amount of the unpaid invoices for the Purchase Orders totaling $1,019,381.46, along with reasonable storage fees, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a judgment and relief as follows:

a. Award Plaintiff compensatory, consequential, incidental, expectation and punitive damages in an amount no less than $1,019,381.46 plus storage fees and pre-judgment interest;

b. Award Plaintiff attorneys' fees and costs of suit; and

c. Grant such other and further relief as this Court deems just and proper.

### V. JURY DEMAND

Plaintiff hereby request a trial by jury on all issues so triable.

Dated: April 20, 2023　　　　　　　　　　**MEYNER AND LANDIS, LLP**

　　　　　　　　　　　　　　　　　　　By:　*Catherine Pastrikos Kelly*

　　　　　　　　　　　　　　　　　　　Catherine Pastrikos Kelly, Esq.
　　　　　　　　　　　　　　　　　　　One Gateway Center
　　　　　　　　　　　　　　　　　　　Suite 500
　　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102
　　　　　　　　　　　　　　　　　　　Phone: 973.602.3423
　　　　　　　　　　　　　　　　　　　ckelly@meyner.com
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　*EXIM & Mfr Enterprise*